UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAZARO FELIPE NAVARRO-MAURY,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>LAURA HERMOSILLO, *et al.*,<br><br>　　　　　　　　Respondents. | CASE NO. 2:26-cv-00333-GJL<br><br>ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

Petitioner Lazaro Felipe Navarro-Maury has filed a Petition for writ of habeas corpus in which he seeks release from confinement. Dkt. 1. He also moves this Court for an Emergency Temporary Restraining Order ("TRO"), preventing his transfer to another detention facility while these proceedings are pending, filed on January 28, 2026, at approximately 6:16 p.m.[1] Dkt. 1-2, Dkt. 2.

Mr. Navarro-Maury is currently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. As detailed in the TRO and supporting declaration,

---

[1] The Motion for Temporary Restraining Order (Dkt. 2) was entered today, January 29, 2026, at approximately 8:11 a.m.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

1  Mr. Navarro-Maury has a bond hearing scheduled before the Tacoma Immigration Court on
2  February 2, 2026. Dkt. 1-2 at 2. Further, Mr. Navarro-Maury now believes that he is about to be
3  imminently transferred out of the jurisdiction, away from his counsel and his family, rendering
4  him unable to participate in his scheduled immigration proceedings in this jurisdiction or his
5  habeas proceedings in this Court. *Id*. Petitioner seeks an order to stop his impending transfer.

6        A Scheduling Order directing Respondents to show cause why a writ of habeas corpus
7  should not be granted was entered in this case today at 8:16 a.m. Dkt. 3. Thus, Respondents have
8  not entered an appearance nor responded to Petitioner's Motion. The Court may grant a TRO to
9  preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S.
10 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable
11 harm to the applicants and to preserve [ ] jurisdiction over the matter.").

12       Accordingly, the Court **ORDERS** as follows:

13     1. Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) is **GRANTED**
14        pending Respondents' response.

15     2. Respondents **ARE PROHIBITED** from removing Petitioner from this jurisdiction—
16        i.e., the Western District of Washington—without further order from this Court.

17     3. Petitioner's counsel **SHALL** immediately serve process and a copy of this Order on
18        Defendants. Petitioner's counsel **SHALL** immediately contact Defendants' counsel to
19        provide a copy of this Order and meet and confer on (1) a briefing schedule for the
20        motion for TRO and (2) whether the government will agree to a stipulated order to
21        not remove Petitioner from the United States and to not transfer Petitioner to another
22        facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Defendants **SHALL** respond to the TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the motion for a temporary restraining order.

Dated this 29th day of January, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 3