1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAZARO FELIPE NAVARRO-MAURY,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.<br><br>Respondents. | Case No. 2:26-cv-00333-TMC<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

### I.    INTRODUCTION

Petitioner Lazaro Felipe Navarro-Maury is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶ 5. Petitioner seeks a temporary restraining order ("TRO") from this Court to prevent his transfer outside of Washington. Dkt. 2.

For the reasons stated below, the Court DENIES Petitioner's motion. The scheduling order's requirement for Respondents to notify Petitioner in advance of a pending transfer or removal (Dkt. 4 ¶ 3) remains in effect.

The Court construes the new claims contained in Petitioner's traverse (Dkt. 12) as a motion for leave to amend his habeas petition. Respondents shall file any opposition to that

ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

motion by March 24, 2026, and Petitioner shall file any reply within seven days of Respondents' opposition.

## II.     BACKGROUND

Petitioner filed this action seeking a writ of habeas corpus on January 28, 2026, claiming that he was a member of the Bond Eligible Class in *Maldonado Bautista v. Santacruz*.[1] Dkt. 1. He filed the present motion for a TRO that same day, arguing that "[w]ithout a TRO, petitioner will be imminently transferred out of the State of Washington." Dkt. 2 at 2. Petitioner also represented that he had an upcoming bond hearing in the Tacoma Immigration Court on February 2, 2026. Dkt. 1 ¶ 19; Dkt. 2 at 2.

Magistrate Judge Grady J. Leupold provisionally granted the TRO on January 29, 2026, prohibiting Petitioner's transfer out of the district while the parties briefed the motion. Dkt. 4. The parties agreed to a briefing schedule (Dkt. 8), and Respondents submitted their response to the petition and to the pending TRO motion as one brief on February 12, 2026. Dkt. 9. Petitioner replied to both on February 17, 2026. Dkt. 12.

At the February 2, 2026 bond hearing, an Immigration Judge ("IJ") found that he had no jurisdiction to enter a bond because Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). Dkt. 7 at 2. The government indicated in its response, however, that Petitioner is detained pursuant to § 1231 because they seek to deport him pursuant to a final order of removal. Dkt. 9 at 12 (citing 8 U.S.C. § 1231(a)).

Petitioner then abandoned his arguments relating to *Maldonado Bautista* and omitted them from his reply, likely because the Bond Eligible Class excludes noncitizens detained under

---

[1] No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 2

both § 1226(c) and § 1231. *See Maldonado Bautista*, 2025 WL 3713987, at *32; *see generally* Dkt. 12.[2] Instead, Petitioner argued new claims under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id*. at 5–11. Specifically, Petitioner argues that (1) his detention has become unconstitutionally prolonged under the INA as construed in *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) the government must provide Petitioner with notice and a meaningful opportunity to respond before attempting to remove him a third country[3]; and (3) Respondents' third-country removal policy is unconstitutionally punitive. Dkt. 12 at 1–12.

### III. DISCUSSION

A party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). When a party seeks a TRO against the government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry," the court "need not consider the other factors." *Geo Group v. Inslee*, 151 F.4th 1107, 1114 (9th Cir. 2025).

---

[2] On March 6, 2026, the Ninth Circuit also administratively stayed the judgment in *Maldonado Bautista* "insofar as [it] extends beyond the Central District of California" pending a ruling on the government's motion for a stay pending appeal. *Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Dkt. 5 at 1 (9th Cir. Mar. 6, 2026).

[3] Respondents state that they intend to remove Petitioner to Mexico and have "placed [him] on a flight manifest and scheduled him for removal to Mexico via ICE air." Dkt. 10 ¶¶ 16–21.

ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 3

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 24. Petitioner has not made such a showing here.

To obtain a TRO, Petitioner must show that he is "likely to succeed on the merits of his underlying habeas petition," or that there are at least "serious questions going to the merits." *Grigorii Fedorov v. Warden Adelanto ICE Processing Ctr.*, No. 5:25-CV-01956-JLS-SP, 2025 WL 4058282, at *1 (C.D. Cal. Dec. 19, 2025) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). Petitioner argues that he was likely to succeed on the merits because Respondents sought to transfer Petitioner to El Paso, Texas just four days before his scheduled bond hearing, "interfer[ing] with Petitioner's access to counsel and the courts." Dkt. 2 at 3. But this fact is unrelated to the merits of the *habeas petition*, the relevant issue for the first *Winter* factor. Moreover, because Petitioner's bond hearing occurred on February 2, any concerns that Petitioner's transfer would have interfered with the bond hearing are moot.

Petitioner's core habeas claim—that he is a member of the Bond Eligible Class in *Maldonado Bautista* and therefore not subject to mandatory detention—fails because Petitioner is detained under 8 U.S.C. § 1231. Dkt. 1 at 4; Dkt. 9 at 10; *see Maldonado Bautista*, 2025 WL 3713987, at *32 (defining the Bond Eligible Class to exclude noncitizens who are or will be "subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."). Petitioner has since abandoned these arguments and did not discuss them in his traverse and TRO reply. *See generally* Dkt. 12. Because Petitioner makes no showing—let alone a clear one—that he is entitled to relief on his habeas petition, his motion for a TRO fails.

In his traverse, Petitioner argues that he is likely to succeed on the merits because "his continued detention is not authorized by § 1231" and because Respondents improperly revoked

ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 4

Petitioner's order of supervised release. Dkt. 12 at 12–13. These claims were not in the original habeas petition, however, and a federal habeas petitioner may only present new habeas claims "(1) by properly amending their petition or (2) by obtaining leave to present new grounds in another form prescribed by the Court." *Cummings v. Andrewjeski*, No. 2:23-CV-1314-JNW-GJL, 2025 WL 1932001, at *1 (W.D. Wash. June 20, 2025), *report and recommendation adopted*, No. 2:23-CV-1314-JNW-GJL, 2025 WL 1929091 (W.D. Wash. July 14, 2025) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)). Because "[r]aising new claims in the traverse or objections is not proper," the Court will not consider them at this stage. *Williams v. Steggall*, No. 2:23-CV-10557-MEMF-BFM, 2025 WL 643620, at *1 (C.D. Cal. Jan. 14, 2025) (citing *Cacoperdo*, 37 F.3d at 507). The Court will instead construe the new claims in Petitioner's traverse (Dkt. 12) as a motion for leave to amend the habeas petition with those claims.

## IV.   CONCLUSION

For these reasons, the Court DENIES Petitioner's motion for a TRO. Dkt. 2.

1. The Court construes the new claims contained in Petitioner's traverse (Dkt. 12) as a motion for leave to amend the habeas petition. Respondents shall file any opposition to that motion by March 24, 2026, and Petitioner shall file any reply within seven days of Respondents' opposition.

2. If the Court grants leave to amend, the Court will set a deadline for filing the amended petition.

Dated this 10th day of March, 2026.

Tiffany M. Cartwright
United States District Judge